Index No. 1:16-CV-776-GHW

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ERNEST LENEAU,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTION COMMISSIONER JOSEPH
PONTE, WARDEN K. COLLINS, DEPUTY
WARDEN PROGRAMS JOHN/JANE DOE,
CORRECTIONS OFFICER DEJESUS,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, New York 10007

Of Counsel: James Dervin
Tel.: (212) 356-0873

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................. *i*

Preliminary Statement ........................................................................................................ 1

Statement of Facts .............................................................................................................. 1

Argument ............................................................................................................................ 3

    Legal Standard for Dismissal ..................................................................................... 3

    Point I: Plaintiff has Failed to Exhaust All of his Available Administrative Remedies ...... 4

    Point II: Plaintiff may not Recover Compensatory Damages Based Solely on his Claimed Mental and Emotional Harms ................................................................... 7

    Point III: Plaintiff Fails to State a Claim for a Violation of Due Process ........................ 7

    Point IV: Plaintiff Fails to State a Claim for Municipal Liability ..................................... 9

    Conclusion ................................................................................................................ 12

## TABLE OF AUTHORITIES
**Cases**

Abney v. McGinnis,
 380 F.3d 663 (2d Cir. 2004) ............................................................................................ 9, 11

Amador v. Andrews,
 655 F.3d 89 (2d Cir. 2011) .................................................................................................... 9

Amnesty Am. v. Town of W. Hartford,
 361 F.3d 113 (2d Cir. 2004) ................................................................................................ 16

Arce v. Walker,
 139 F.3d 329 (2d Cir. 1998) ................................................................................................ 13

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ............................................................................................................... 8

Bd. of Comm'rs of Bryan Cty. v. Brown,
 520 U.S. 397 (1997) ............................................................................................................. 16

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ............................................................................................................... 8

Booth v. Churner,
 532 U.S. 731 (2001) ............................................................................................................... 9

Bussey v. Phillips,
 419 F. Supp. 2d 569 (S.D.N.Y. 2006) ........................................................................... 13, 14

Cash v. Cty. of Erie,
 654 F.3d 324 (2d Cir. 2011) ................................................................................................ 16

Chavis v. Chappius,
 618 F.3d 162 (2d Cir. 2010) .................................................................................................. 8

Connick v. Thompson,
 563 U.S. 51 (2011) ............................................................................................................... 15

Estiverne v. Esernio-Jenssen,
 833 F. Supp. 2d 356 (E.D.N.Y. 2011) ................................................................................ 16

Frazier v. Coughlin,
 81 F.3d 313 (2d Cir. 1996) .................................................................................................. 13

Garcia v. Doe,
    No. 13-CV-557, 2014 U.S. Dist. LEXIS 113132 (S.D.N.Y. June 19, 2014) ............................ 8

Garvin v. Rivera,
    No. 13-CV-7054, 2015 U.S. Dist. LEXIS 24616 (S.D.N.Y. Feb. 28, 2015) ............................ 11

Green v. City of New York,
    465 F.3d 65 (2d Cir. 2006) ...................................................................................... 15

Harris v. Mills,
    572 F.3d 66 (2d Cir. 2009) ................................................................................... 8, 16

Henning v. N.Y.C. Dep't of Corr.,
    No. 14-CV-9798, 2016 U.S. Dist. LEXIS 7763 (S.D.N.Y. Jan. 22, 2016) ............................. 10

Hewitt v. Helms,
    459 U.S. 460 (1983) ................................................................................................ 13

Johnson v. Rowley,
    569 F.3d 40 (2d Cir. 2009) ........................................................................................ 9

Jones v. Bock,
    549 U.S. 199 (2007) .......................................................................................... 10, 14

Kentucky Dep't of Corrs. v. Thompson,
    490 U.S. 454 (1989) .......................................................................................... 12, 13

Macias v. Zenk,
    495 F.3d 37 (2d Cir. 2007) ............................................................................. 9, 10, 11

McCoy v. Goord,
    255 F. Supp. 2d 233 (S.D.N.Y. 2003) ...................................................................... 10

Meachum v. Fano,
    427 U.S. 215 (1976) ................................................................................................ 13

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978) ................................................................................................ 14

Perez v. City of New York,
    No. 14-CV-7502, 2015 U.S. Dist. LEXIS 76245 (S.D.N.Y. Jun. 11, 2015) .......................... 10

Porter v. Nussle,
    534 U.S. 516 (2002) .................................................................................................. 9

Prescott v. Riker Island Med. Staf,
    No. 09-CV-255, 2011 U.S. Dist. LEXIS 40057 (S.D.N.Y. Apr. 12, 2011) ............................ 15

Reynolds v. Giuliani,
   506 F.3d 183 (2d Cir. 2007) .............................................................................................. 16

Roth v. Jennings,
   489 F.3d 499 (2d Cir. 2007) ................................................................................................ 8

Saulter v. Hanslmaier,
   No. 94-CV- 6855, 1997 U.S. Dist. LEXIS 4686 (S.D.N.Y. Apr. 14, 1997) ............................ 13

Smiley ex rel. Smiley v. Westby,
   No. 87-CV-6047, 1994 U.S. Dist. LEXIS 13413 (S.D.N.Y. Sept. 22, 1994) ............... 15, 16, 17

Spurgeon v. Wettenstein,
   No. 13-CV-8117, 2015 U.S. Dist. LEXIS 39505 (S.D.N.Y. March 26, 2015) ........................ 10

Thompson v. Carter,
   284 F.3d 411 (2d Cir. 2002) ............................................................................................... 12

Tolivar v. City of New York,
   530 F. App'x 90 (2d Cir. 2013) .......................................................................................... 12

Tyler v. Argo,
   No. 14-CV-2049, 2014 U.S. Dist. LEXIS 148621 (S.D.N.Y. Oct. 10, 2014) .......................... 11

Walker v. City of New York,
   974 F.2d 293 (2d Cir. 1992) ......................................................................................... 13, 16

Woodford v. Ngo,
   548 U.S. 81(2006) .............................................................................................................. 9

**PRELIMINARY STATEMENT**

*Pro se* Plaintiff Ernest Leneau, an inmate in the custody of the New York City Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights by removing him from his work detail at the Robert N. Davoren Complex ("RNDC") on Rikers Island.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Commissioner Joseph Ponte, Warden Karen Collins, and Correction Officer Sandra DeJesus,[1] (collectively "Defendants") respectfully move this Court to dismiss Plaintiff's Complaint on the ground that: (1) Plaintiff has failed to exhaust the available administrative remedies for his claims, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) Plaintiff is not entitled to compensatory damages for alleged mental anguish and emotional stress; (3) Plaintiff fails to state a claim for a violation of due process, and (4) Plaintiff has not satisfactorily alleged municipal liability.

**STATEMENT OF FACTS**

At all times pertinent to his Complaint, Plaintiff was incarcerated at RNDC on Rikers Island.  Complaint (dkt. no. 1) at ¶ I(A), a facility maintained and operated by the DOC. Plaintiff alleges that he was employed as a maintenance worker and/or porter in the social service area of RNDC.  Id. at ¶ II(D).  Plaintiff alleges that Officer DeJesus, "treated Plaintiff, *pro se* like he was a slave, barking out work orders in a discriminatory manner," because Plaintiff was "not of Latino decent."  Id.  Plaintiff further alleges that Officer DeJesus "at one point stat[ed] you niggers around here are lazy."  Id.  Plaintiff claims that Officer DeJesus terminated him from his work detail position on January 19, 2016, "for the sole purpose of the color of [Plaintiff's] skin."  Id.

---

[1] Defendant Deputy Warden for Programs has not yet been identified. Nevertheless, Defendants respectfully request that any relief granted to them extend to this Defendant.

Plaintiff also alleges that Commissioner Ponte, Warden Collins, and the Deputy Warden of Programs failed to issue a directive or to develop a policy that would have trained Officer DeJesus to not discriminate.  Complaint at ¶ II(D).  Plaintiff alleges that because these Defendants have failed create a directive or policy, Officer DeJesus committed "an act of deliberate indifference" that "emanates cruel and unusual punishment" in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  Id.  Plaintiff also alleges that Defendant DeJesus violated his due process rights by failing to issue him an infraction or misbehavior report before terminating him from his position.  Id.

Consequently, Plaintiff states that he has suffered "great hardship" from the loss of his position and that his termination has forced him to rely upon his family for financial support.  Complaint at ¶ II(D).  He characterizes his injuries as "emotional stress" and "mental anguish," and Plaintiff alleges that these have led to "nightmares," "insomnia," paranoia, "chronic migraine headaches," "fear for his safety," "fear of working," and a fear of working for persons "of Hispanic descent."  Complaint at ¶ III.

Plaintiff alleges that he filed a grievance related to the underlying facts of the Complaint.  Complaint at ¶ IV(D).  Attached to the Complaint, Plaintiff included a grievance dated January 20, 2016, which is one day prior to the date that Plaintiff signed the Complaint.  See Complaint at pp. 9-10.[2]  Plaintiff states that he submitted the grievance to "Ms. Agnes Baik, Prisoner's Rights Project(*sic*)" and his grievance is "still pending [an] investigation." Complaint at ¶ IV(E).  Plaintiff states that he is "awaiting hearing to appeal to warden and the New York City Department of Correction Commissioner Defendant Joseph Ponte."  Id.

---

[2] Page numbers correspond to the pagination of the Complaint on the Court's electronic docket.

2

Plaintiff seeks $300,000.00 in compensatory and punitive damages for pain and suffering, emotional stress, and mental anguish. Complaint at ¶ V. Plaintiff also seeks an injunction ordering the Defendants to promulgate directives and policies ensuring non-discriminatory treatment of detainees and inmates employed at the RNDC and to prohibit reprisals against Plaintiff for the filing of his Complaint. Id.

## ARGUMENT

## LEGAL STANDARD FOR DISMISSAL

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007) (internal citation omitted). Nevertheless, to survive a motion to dismiss, a complaint must assert "enough facts to state a claim for relief that is plausible on its face," which requires that the "plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Detailed factual allegations" are not required, but a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal citations and quotation marks omitted).

When the non-moving party is a *pro se* plaintiff, courts must "construe his complaint liberally and interpret it 'to raise the strongest arguments that [it] suggest[s].'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)). Although the complaints of *pro se* plaintiffs should be broadly construed, minimal facts "supported by mere conclusory statements[] do not suffice." Garcia v. Doe, No. 13-CV-557, 2014 U.S. Dist. LEXIS 113132, at *4 (S.D.N.Y. June 19, 2014) (citing Chavis, 618 F.3d at 170)

(emphasis in original).  Therefore, even *pro se* complaints should be dismissed when they fail to allege sufficient facts to support a viable claim to relief.  Harris, 472 F.3d at 72.

## POINT I

### PLAINTIFF HAS FAILED TO EXHAUST ALL OF HIS AVAILABLE ADMINISTRATIVE REMEDIES

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion serves to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002). The requirement applies to "all inmate suits about prison life," irrespective of "whether they involve general circumstances or particular episodes." Macias v. Zenk, 495 F.3d 37, 40 (2d Cir. 2007) (quoting Porter, 534 U.S. at 532).  Importantly, if a plaintiff-inmate fails to utilize the available grievance procedure, he may not file his claim in federal court, or his claim must be dismissed.  Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011) (citing Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009)). Exhaustion is required even when an inmate seeks a form of relief, such as monetary damages, that cannot be awarded by the grievance procedure of the facility in which he is incarcerated.  See e.g., Woodford v. Ngo, 548 U.S. 81, 85 (2006); Booth v. Churner, 532 U.S. 731, 740 (2001).

Moreover, exhaustion requires a timely utilization of *all* of the available steps that an administrative agency provides, and it requires inmates to complete the steps properly, prior to initiating suit.  Amador, 655 F.3d at 96 (internal quotations omitted) (citing Woodford, 48

U.S. at 90). This means, among other things, completing each step "in accordance with the applicable procedural rules." Amador, 655 F.3d at 96 (citing Woodford, 548 U.S. at 88). Consequently, steps taken outside of the grievance system to complain about prison conditions do not constitute "proper exhaustion." See Macias, 495 F.3d at 44. While an inmate is not required to allege exhaustion of administrative remedies in a complaint, dismissal is appropriate where it is clear from the face of the complaint that the plaintiff did not exhaust such remedies. See Jones v. Bock, 549 U.S. 199, 214-15 (2007); McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

Plaintiff's claims against Defendants are governed by the DOC's multi-step grievance procedure, DOC Directive #3376, known as the Inmate Grievance and Request Program ("IGRP").[3] The procedure sets out the following steps for review of inmates' grievances: (1) the Inmate Grievance and Request Program staff review the grievance and, within five business days, enter a proposed informal resolution; (2) within five business days of receiving the proposed informal resolution, the inmate may appeal the resolution and ask for a formal hearing with the Inmate Grievance Resolution Committee, which then has five business days to issue its own determination; (3) within five business days of receiving the Inmate Grievance Resolution Committee's decision, the inmate may appeal to the commanding officer, who then has five business days to issue his disposition; (4) within five business days of notification of the commanding officer's disposition, the inmate may appeal to the Central Office Review Committee ("CORC"). See DOC Directive #3376; see also Henning v. N.Y.C. Dep't of Corr., No. 14-CV-9798, 2016 U.S. Dist. LEXIS 7763, at *5-6 (S.D.N.Y. Jan. 22, 2016). CORC

---

[3] Defendants respectfully request that the court take judicial notice of the IGRP Directive # 3376. See Perez v. City of New York, No. 14-CV-7502, 2015 U.S. Dist. LEXIS 76245, at *6 (S.D.N.Y. Jun. 11, 2015); Spurgeon v. Wettenstein, No. 13-CV-8117, 2015 U.S. Dist. LEXIS 39505, at *6-7 n. 1 (S.D.N.Y. March 26, 2015).

then makes its decision through either an informal process or a formal meeting. See IGRP at IV(5). "The CORC's disposition constitutes the Department's final decision on the inmate's grievance or request." Garvin v. Rivera, No. 13-CV-7054, 2015 U.S. Dist. LEXIS 24616 at *7 (S.D.N.Y. Feb. 28, 2015); IRGP at IV(J)(5)(c).

It is clear from the face of the Complaint that Plaintiff has failed to exhaust the remedies available to him through the DOC's grievance program. Plaintiff states that though he is aware of the exhaustion requirement, he has only filed an initial grievance that addresses the incidents underlying his Complaint. See Complaint at ¶ IV. Plaintiff further indicates that he is awaiting a response and that he intends to appeal the findings of his grievance adjudication within the grievance system, but has not yet done so. Id. at ¶ IV(E)(3). Thus, it is apparent that Plaintiff has not fully exhausted the administrative remedies available to him. Furthermore, Plaintiff signed and dated the Complaint one day *after* he filed his grievance. Compare Complaint at p. 8, with Complaint at p. 9. Given the timelines explicitly set forth in the DOC's grievance procedure, Plaintiff could not possibly have properly exhausted all of the necessary steps before initiating this law suit, and thus, his Complaint should be dismissed. See e.g., Tyler v. Argo, No. 14-CV-2049, 2014 U.S. Dist. LEXIS 148621, at *11 (S.D.N.Y. Oct. 10, 2014).

Additionally, Plaintiff's alleged attempt to contact the Prisoner's Rights Project does not cure his failure to exhaust, since a grievance filed outside of DOC's procedure does not satisfy any element of the exhaustion requirement. See Macias, 495 F.3d at 44. Moreover, Plaintiff's failure to exhaust in accord with the DOC's internal procedures deprives the DOC of the opportunity to address Plaintiff's claims before being subject to federal litigation, a scenario at odds with the intent of the PLRA. Abney, 380 F.3d at 667. Accordingly, because Plaintiff has

6

failed to exhaust his administrative remedies prior to filing the Complaint, the Court should dismiss his claims in their entirety.

## POINT II

### PLAINTIFF MAY NOT RECOVER COMPENSATORY DAMAGES BASED SOLELY ON HIS CLAIMED MENTAL AND EMOTIONAL HARMS

The PLRA additionally provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision bars plaintiffs who have failed to allege a physical injury from recovering compensatory damages for their emotional harms.[4]  See Thompson, 284 F.3d at 417.  Plaintiff alleges that he is entitled to "emotional stress[] and mental anguish damages," (Complaint at ¶ V), yet a "plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." Thompson, 284 F.3d at 417. Because Plaintiff does not allege that he incurred any such injury, Plaintiff is, therefore, not entitled to compensatory damages for his alleged mental and emotional harm. This Court should therefore dismiss Plaintiff's claims to the extent that they seek such damages.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF DUE PROCESS

Plaintiff fails to state a claim that Officer DeJesus deprived him of proper due process when she allegedly removed him from work detail.  Plaintiff's claim rests on the

---

[4] The provision does not bar the recovery of actual, nominal, or punitive damages, nor does it preclude injunctive relief. See Tolivar v. City of New York, 530 F. App'x 90, 93 n.2 (2d Cir. 2013); Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002).

7

allegation that Officer DeJesus denied "his due process right[] to be issued an infraction and/or mis behavior report that would warrant his termination[*sic*] from said[*sic*] maintenance duties as porter."  Complaint at ¶ II(D).  An allegation that a plaintiff's procedural due process rights have been infringed requires a showing that the plaintiff had a liberty interest in the thing to which he claims to have been deprived. See Arce v. Walker, 139 F.3d 329, 333 (2d Cir. 1998) (citing Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989)). "Liberty interests protected by the Fourteenth Amendment may arise from two sources -- the Due Process Clause itself and the laws of the States."  Hewitt v. Helms, 459 U.S. 460, 466 (1983) (citing Meachum v. Fano, 427 U.S. 215, 223-27 (1976)).  In New York, removal from a particular prison or jail work detail assignment does not satisfy this standard.  Bussey v. Phillips, 419 F. Supp. 2d 569, 579 (S.D.N.Y. 2006).  Indeed, it is well settled that "in New York a prisoner has no protected liberty interest in a particular job assignment."  Id. (same as to pre-trial detainees) (quoting Frazier v. Coughlin, 81 F.3d 313, 318 (2d Cir. 1996).

Although Plaintiff states that his Fourteenth Amendment procedural due process rights were violated when he was terminated from his position without the issuance of an "infraction" or a "misbehavior report," he was never entitled to this process.  This is because he does not have a protected liberty interest in his work detail position.  See Frazier, 81 F.3d at 318; see also  Saulter v. Hanslmaier, No. 94-CV- 6855, 1997 U.S. Dist. LEXIS 4686 (S.D.N.Y. Apr. 14, 1997) (refusal to return prisoner to work detail, despite fact that misbehavior report was never filed against him and no hearing was held, did not violate due process because in New York a prisoner has no protected liberty interest in a particular job assignment).  This lack of a protected interest is fatal to Plaintiff's due process claim.  *See* Arce, 139 F.3d at 333.  Therefore

8

the Court does not need to reach the issue of the rationale for terminating Plaintiff's work detail or whether a misbehavior report was issued.  See e.g., Bussey, 419 F. Supp. 2d at 580.

Even if Plaintiff had been entitled to process prior to removal from work detail, however, Plaintiff has not pled facts to establish that he was not provided with sufficient process.  For example, Plaintiff alleges that he did not receive an infraction or a misbehavior report, but neither of those is necessary to remove him from his position.  See e.g., Bussey, 419 F. Supp. 2d 599; Directive #3255R. [5]  Indeed, inmates can be removed for poor performance, for security reasons, or by rotation.  See DOC Directive #3255R.  Plaintiff therefore fails to state a due process claim because he was not entitled to due process as a matter of law, and even if he had been entitled to process, the alleged failure to issue an infraction does not amount to a violation of DOC's procedures.  Plaintiff's due process claims should therefore be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY

Plaintiff alleges that the Defendants are liable in their official capacity and that this establishes municipal liability.[6]  See Complaint at ¶ II(D).  Municipalities are only considered liable "persons" within the meaning of section 1983 if a plaintiff can show that an alleged action "unconstitutionally implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see also Jones v. Town of E. Haven, 691 F.3d 72, 80-81 (2d Cir. 2012).  For Defendants to be liable in their official capacity, therefore,

---

[5]  Defendants request that this Court take judicial notice of DOC Directive #3255R, Entitled Assignment of Inmates to Work Details ¶ III(B) (2014), available at http://www.nyc.gov/html/doc/downloads/pdf/Directive3255R_Assignment_Work_Details.pdf (last visited July 18, 2016).

[6] The City of New York is not named as a defendant.

9

Plaintiff must allege that the deprivation he suffered was a result of a municipal custom, "policy statement, ordinance, regulation, or decision." Monell, 436 U.S. at 690. In the absence of an established written municipal policy, these customs or practices must be "so 'persistent or widespread' as to constitute 'a custom or usage with the force of law,'" or "so 'manifest as to imply the constructive acquiescence of senior policy-making officials,'" Prescott v. Riker Island Med. Staf, No. 09-CV-255, 2011 U.S. Dist. LEXIS 40057, at *7 (S.D.N.Y. Apr. 12, 2011) (quoting Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006).

Plaintiff attempts to establish municipal liability by alleging that Commissioner Ponte, Warden Collins, and the Deputy Warden for Programs did not (1) train Officer DeJesus properly or (2) promulgate directives or policies prohibiting her wrongful behavior.[7] See Complaint at ¶ II(D). Both claims are essentially "'indirect liability claim[s]'" that use Officer DeJesus's alleged intentional discrimination and her alleged infringement of Plaintiff's due process rights as their predicate harms. Smiley ex rel. Smiley v. Westby, No. 87-CV-6047, 1994 U.S. Dist. LEXIS 13413, at *48 (S.D.N.Y. Sept. 22, 1994). To establish municipal liability under a theory of failure to train, Plaintiff needs to show that the Defendants' "failure to train its employees in a relevant respect . . . amount[s] to 'deliberate indifference to the rights of person with whom the untrained employees come into contact.'" Connick v. Thompson, 563 U.S. 51, 61 (2011) (alteration in original omitted). Deliberate indifference may be found when "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." Id. at 61 (citing Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 407 (1997). Notice is generally provided to

---

[7] Defendants' pre-motion letter seeking leave to file the present motion addressed Plaintiff's municipal liability claim for failure to train. Upon further review of the Complaint, Defendants now also interpret Plaintiff's Complaint as attempting to state a claim for failure to promulgate policies.

these persons by the existence of a pattern of unconstitutional behavior of which they are aware, and they must have a "moral certainty" that citizens will face the alleged constitutional violations without action by the municipality. Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (citing Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992)). Throughout the examination of the failure to train, therefore, the central focus must be "whether…facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'" Cash v. Cty. of Erie, 654 F.3d 324, 334 (2d Cir. 2011) (citing Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 128 (2d Cir. 2004)).

Here, Plaintiff does not allege any facts that indicate that Commissioner Ponte, Warden Collins, or the Deputy Warden for Programs were on actual or constructive notice that the training program for correction officers was deficient and was causing or would cause violations of inmates' constitutional rights. Plaintiff alleges no facts that these Defendants' alleged failure to train Officer DeJesus somehow amounted to a "constructive acquiescence" on the alleged conduct. Cash, 654 F.3d at 334. Plaintiff therefore fails to establish municipal liability under a theory of failure to train, and his claim should be dismissed.

Plaintiff also alleges that Commissioner Ponte, Warden Collins, and the Deputy Warden for Programs did not promulgate a policy or a directive that would have prevented his discriminatory treatment at the hands of Officer DeJesus. Complaint at ¶ II(D). For this alleged failure to promulgate, Plaintiff must again show "deliberate indifference" on the part of the Defendants amounting to a "conscious choice" to ignore the potential for constitutional violations. Smiley, 1994 U.S. Dist. LEXIS 13413, at *49-50 (citing City of Canton v. Harris, 489 U.S. 378 (1989)); Estiverne v. Esernio-Jenssen, 833 F. Supp. 2d 356, 370 (E.D.N.Y. 2011).

Here, Plaintiff has not alleged that Defendants made a conscious choice not to promulgate policies to prevent constitutional deprivations. In fact, Plaintiff merely recites that the Defendants should have promulgated policies without showing that they knew the absence of a policy was causing or would cause constitutional violations. See Complaint at ¶ II(D). This does not permit an inference that the Commissioner, the Warden, or the Deputy Warden for Programs were deliberately indifferent. Plaintiff's bare allegations, therefore, are insufficient to establish municipal liability and must fail as a matter of law. See Smiley, 1994 U.S. Dist. LEXIS 13413, at *48.

Plaintiff has stated no facts to show that Commissioner Ponte, Warden Collins, or the Deputy Warden for Programs, or the City of New York, have a custom or practice that was the proximate cause of the constitutional violations he alleges to have suffered at the hands of Officer DeJesus. This makes Plaintiff unable to state a claim for municipal liability, and his "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" against the Defendants in their official capacities should therefore be dismissed. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

DATED:	New York, New York
	August 15, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007
(212) 356-0891


By: */s/James M. Dervin*
James Dervin
Assistant Corporation Counsel

David Thayer
Legal Intern